UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX PICHARDO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. CV 12-4430 SVW(JC)<br><br>ORDER TO SHOW CAUSE |

On May 22, 2012, petitioner Felix Pichardo ("petitioner") filed a "Petition for a Writ of Mandamus Pursuant to 28 U.S.C. § 1651(a)" ("Petition") which appears to challenge his conviction and sentence in the Los Angeles County Superior Court. Federal courts lack jurisdiction to issue a writ of mandamus to a state court. See Demos v. United States District Court for the Eastern District of Washington, 925 F.2d 1160, 1161 (9th Cir. 1991), cert. denied, 498 U.S. 1123 (1991). Nonetheless, in light its substance, the Court liberally construes the Petition to be a Petition for Writ of Habeas Corpus arising under 28 U.S.C. § 2254. It appears from the Petition and matters as to which this Court takes judicial notice, that petitioner's claims have not previously been presented to the California Supreme Court.

///

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. §§ 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Park v. California, 202 F.3d 1146, 1150 (9th Cir.), cert. denied, 531 U.S. 918 (2000). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted). A federal court may raise exhaustion problems *sua sponte*. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993) (citing Granberry v. Greer, 481 U.S. 129, 134 (1987)).

Exhaustion requires that the prisoner's contentions be fairly presented to the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Anderson v. Harless, 459 U.S. 4, 6 (1982); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997); Keating v. Hood, 922 F. Supp. 1482, 1490 (C.D. Cal. 1996), app. dismissed on other grounds, 133 F.3d 1240 (9th Cir. 1998). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, petitioner appears to challenge a 2011 conviction and sentence in Los Angeles County Superior Court. The Petition does not, however, reflect that petitioner's claims have been presented to and disposed of by the California Supreme Court. California Supreme Court records, which are available at

www.appellatecases.courtinfo. ca.gov, and of which this Court takes judicial notice, reflect that petitioner has not sought any relief from the California Supreme Court. Consequently, it appears that petitioner's claims are unexhausted.[1]

For the foregoing reasons, within twenty (20) days of the date of this Order, petitioner is ORDERED to show cause, in writing, why the Court should not recommend the dismissal of this action without prejudice for failure to exhaust state remedies. If petitioner contends that he has, in fact, presented his claims to the California Supreme Court and that such court has ruled thereon, his response to this Order to show cause shall indicate how and when petitioner raised his claims with the California Supreme Court, shall include the date of the California Supreme Court's decision regarding his claims, and shall attach a copy of such decision, if it is available.

DATED:   June 11, 2012

                                   _____/s/_____
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner may still be able to present his claims to the California Supreme Court. See In Re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of a state habeas petition might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park, 202 F.3d at 1151-52.